UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06CR232 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| TONJA TRENE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | <u>Memorandum of Opinion and Order</u> |

INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255 (Doc. 19).. For the reasons that follow, Petitioner's motion is **DENIED.**

FACTS

On July 14, 2006, pursuant to a written plea agreement, defendant pleaded guilty before this Court to one count each of: Misuse of Social Security Numbers, in violation of 42 U.S.C. § 408(a)(7)(B); HUD Fraud, in violation of 18 U.S.C. § 1010; Mail Fraud, in violation of 18 U.S.C. § 1341; and Bank Fraud, in violation of 18 U.S.C. § 1344. (R. 11: Plea Agreement and Minutes of Proceedings). On October 11, 2006, this Court sentenced defendant to 36 months incarceration, five years of supervised release, a special assessment of $400.00, and $8,838.45 in restitution. (R. 15:

1

Judgment and Commitment Order; R. 14: Minutes of Proceedings).

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside her sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The burden is on the petitioner to sustain her contentions by a preponderance of the evidence. *McNeil v. United States,* 72 F.Supp.2d 801,804 (N.D. Ohio 1999) (citing *Wright v. United States,* 624 F.2d 557,558 (5th Cir. 1980) ). If it is evident on the face of the motion, and the files and records establish the petitioner is not entitled to relief, the judge may order summary dismissal of the Section 2255 motion. 28 U.S.C. § 2255. An evidentiary hearing is required when the issues raised by the petitioner's motion are not conclusively determined by the motion itself, the trial court's files and records, affidavits presented, or by the district judge's personal knowledge or recollection. *Machibroda v. United States,* 368 U.S. 487,514 (1962). However, if the petitioner's contentions are contradicted by the record, inherently incredible, or conclusions rather than statements of fact, then no hearing is required. *Aredondo,* 178 F. 3d at 782. (citing *Engelen v. United States,* 68 F.3d 238,240 (8th Cir. 1995 )).

LEGAL ANALYSIS

2

Defendant's primary argument is that her guilty pleas were not knowing or voluntary and that she was denied effective assistance of counsel. In her brief, defendant contends her counsel did not inform her of the severity of the charges. Defendant further alleges that her counsel "may have" had a conflict of interest because counsel represented her son's father in another matter. (R. 19: Defendant's § 2255 Motion at 7). Defendant contends she did not understand the charge of using a Social Security number for an unknown child, and that she did not understand the HUD fraud charge for receiving Section 8 money while she was incarcerated. Defendant then acknowledges that she is "not trying to get out of [her] part in this situation," rather, defendant is seeking to modify her sentence to one of home confinement. Defendant's motion is not supported by affidavit and does not even indicate what date(s) she was incarcerated.

Contrary to defendant's representations, the indictment set forth nine aliases defendant had used in the commission of the charged offenses.  The plea agreement that defendant signed and indicated she understood contained the essential elements of the offenses, including use of a false Social Security number and HUD fraud. Defendant agreed to the factual basis of the plea agreement, which listed six separate false Social Security numbers defendant admitted using and possessing on at least twelve separate occasions.  Defendant further agreed to the HUD fraud portion of the factual basis of the plea agreement that included not only Section 8 payments but, additionally: false statements and false documents submitted to obtain a HUD-insured mortgage loan in the amount of $84,345; false documents submitted to obtain Section 8 payments, including a false lease in the names of two of defendant's aliases; and a false change of

3

address form. Even if defendant were incarcerated during an unspecified part of the Section 8 scheme, defendant was charged with aiding and abetting and nonetheless, admitted personally committing sufficient acts to violate the HUD fraud statute. Defendant's actions created the circumstances by which HUD was defrauded on both the mortgage insurance and Section 8, and but for defendant's actions, HUD would not have issued the Section 8 payments, regardless of who ultimately cashed the Section 8 checks.

In addition to facts demonstrated clearly by the plea agreement, this Court carefully reviewed defendant's rights during the change of plea hearing to make certain defendant understood the charges, potential penalties, and defendant's rights. Defendant indicated both at the plea hearing and in writing that she understood the charges, was satisfied with counsel, and was making knowing and voluntary guilty pleas. In addition, defendant was under oath during the guilty plea hearing. If the defendant's current allegations are true, then she would be admitting that she made false statement under oath to the Court during the plea colloquy.

Defendant's suspicion of a possible "conflict" by her counsel is insufficient to vacate a conviction. Defendant must establish that counsel actively represented conflicting interests before a claim of ineffective assistance can be perfected. *Cuyler v. Sullivan* 446 U.S. 335, 349-350 (1980).

Even if defendant could somehow establish that, the record notwithstanding, counsel were deficient, defendant must demonstrate she was prejudiced by the defective performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That is, defendant must demonstrate that, but for counsel's errors, she would not have pleaded

guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). In this instance, defendant acknowledges she is not "trying to get out of [her] part," and therefore, even if counsel were somehow deficient, defendant has failed to establish she would not have pleaded guilty.

CONCLUSION

For the above stated reasons, Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

IT IS SO ORDERED.

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Date: February 13, 2008